UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**WISCONSIN SHEET METAL WORKERS HEALTH
AND BENEFIT FUND, MILWAUKEE AREA SHEET
METAL JOURNEYMEN AND APPRENTICESHIP
TRAINING FUND, and MICHAEL J. MOONEY
(in his capacity as Trustee),**

      **Plaintiffs,**

v.                   Case No. 19-cv-246

**J & L INSTALLATIONS, LLC**

      **Defendant.**
_____

### COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm S.C, by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant J & L Installations, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans,  LMRA § 301, and the common law of the State of

Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendant is a Wisconsin limited liability company with a principal place of business located in Jefferson County, Wisconsin.

### Parties

3. Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund, and Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund, are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said plans. Said plans maintain offices at 2201 Springdale Road, Waukesha, Wisconsin 53186.

4. Plaintiff Michael T. Mooney is a trustee and fiduciary of the Wisconsin Sheet Metal Workers Health and Benefit Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Mooney maintains an office at 2201 Springdale Road, Waukesha, Wisconsin 53186.

5. J & L Installations is a domestic limited liability company, engaged in business, with principal offices located at W6084 Thornapple Lane, Ft. Atkinson, Wisconsin, 53538-9377. Its registered agent for service of process is Lacy J. Edwards, W6084 Thornapple Road, Ft. Atkinson, Wisconsin 53547.

**Facts**

6. J & L Installations, LLC is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

7. For all times relevant, J & L Installations, LLC was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Sheet Metal Air, Rail and Transportation Workers, Local 18 (SMART) Union (hereafter referred to as "Union")

8. The Union represents, for purposes of collective bargaining, certain J & L Installations, LLC employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby J & L Installations, LLC agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, J & L Installations, LLC adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting

to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, J & L Installations, LLC has agreed as follows:

    a.    to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreements;

    b.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c.    to adopt and abide by all of the rules and regulations adopted by the trustees of the Funds pursuant to the trust agreements;

    d.    to adopt and abide by all of the actions of the trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

    e.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f.    to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

12.    Upon information and belief, J & L Installations, LLC has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a.    failing to make continuing and prompt payments to the Funds and Union as required by the Labor Agreements and trust agreements for all of J & L Installations, LLC covered employees; and

    b.    failing to accurately report employee work status to the Funds.

13. ERISA § 502(g)(2), as amended by the MPPAA provides:

  (2)  In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

  (A)    the unpaid contributions,

  (B)    interest on the unpaid contributions,

  (C)    an amount equal to the greater of --

      (i)    interest on the unpaid contributions, or

      (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

  (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

  (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that J & L Installations, LLC perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant has failed, neglected, omitted and refused to make those payments. J & L Installations is now indebted to the Plaintiff Funds as follows:

**Audited Period August 1, 2016 to the present:**

Wisconsin Sheet Metal Workers Health and Benefit Fund                    Unknown
Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund   Unknown

16. Defendant J & L Installations, LLC has refused to submit to a standard audit by the representatives of the Plaintiff Funds despite the Funds' authority to perform such an audit.

### Claim One - Against Defendant J & L Installations, LLC
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)

17. As and for a first claim for relief against J & L Installations, LLC, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word-for-word.

18. For purposes of Claim One, the Wisconsin Sheet Metal Workers Health and Benefit Fund and Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund are hereinafter referred to as "Funds."

19. Due demand has been made by the Funds upon J & L Installations, LLC for payment of all sums due and owing, but said Defendant has refused to pay them, or

any part thereof, and all amounts remain due and owing.

20. Because, as the Funds are informed and believe, J & L Installations, LLC has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

21. Because J & L Installations, LLC has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against the Defendant:

    A. For unpaid contributions, interest and liquidated damages for the period August 1, 2016 to the commencement of this action;

    B. For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order enjoining and restraining the Defendant, its corporate officers, employees, agents, bonding agents, and/or sureties, attorneys or any other acting on its

behalf from collecting or converting any account receivable which is subject to any lien the Plaintiffs may have pursuant to section 779.02(5) of the Wisconsin Statutes, for improvements to and on real estate, until all employee wages and employee benefit fund contributions which have become due relative to said improvements for which the receivable was earned have been paid in full and all monies taken from the trust created by section 779.02(5) of the Wisconsin Statutes have been fully repaid.

3. An order requiring Defendant to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of J & L Installations, LLC' accounts receivable. With respect to each account receivable, Defendant shall itemize:

    A. The amount of each account receivable.

    B. The period of time during which such receivable accrued.

    C. The location of the premises upon which the work was performed.

    D. The owner of the property on which Defendant performed work;

    E. The individual or entity with whom Defendant was contractually liable to perform work;

    F. The nature of the improvement involved for which the account receivable is due.

    G. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

4. An order directing J & L Installations, LLC to submit to an audit of the company's books and records by the Funds' designated representative for the period August 1, 2016 to the present.

5. The Court should retain jurisdiction pending compliance with its orders.

6. For such other, further or different relief as the Court deems just and proper.

Dated this 1st day of April, 2019.

        s/Christopher J. Ahrens
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs